**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **THE UNITED STATES OF AMERICA** : <br> **by and for the use of INTERSTATE** : <br> **PANEL, LLC** : <br> 67 Benson Avenue  : C.A. NO. <br> Hamilton, NJ 08610 : <br> : DEMAND FOR JURY TRIAL <br>         Plaintiff, : <br> : <br>     v. : <br> : <br> **FIDELITY & DEPOSIT COMPANY** : <br> **OF MARYLAND** : <br> 1299 Zurich Way, 5th Fl. : <br> Schaumburg, IL 60196-1056 : <br> : <br>         Defendant. : | |

**COMPLAINT**

Plaintiff, Interstate Panel, LLC, by and through its undersigned counsel, hereby files this Complaint against Defendant, Fidelity & Deposit Company of Maryland, and, in support thereof, avers as follows:

**Parties**

1. Plaintiff, Interstate Panel, LLC ("Interstate"), is a limited liability company organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 67 Benson Avenue, Hamilton, NJ 08610.

2. Interstate brings this suit in the name of the United States of America in accordance with 40 U.S.C. § 3133(b) of the Miller Act.

3. Upon information and belief, Defendant, Fidelity & Deposit Company of Maryland ("Fidelity"), is a corporation organized and existing pursuant to the laws of the State of Illinois,

with its principal place of business located at 1299 Zurich Way, 5th Fl., Schaumburg, Illinois, IL 60196-1056.

## Jurisdiction and Venue

4. This action arises under, and this Court has subject matter jurisdiction pursuant to, the Miller Act, 40 U.S.C. §§ 3131-3134.

5. Venue is proper in this Court pursuant to 40 U.S.C. § 3133(b)(3)(B), as this Court is the United States District Court in which the agreement at issue was performed.

## Background

6. This dispute arises out of Interstate's provision of certain material, equipment, and services for a construction project to repair an airplane hangar on an Air Force base known as the Dover AFB Hanger 706 POC project (the "Project").

7. The Project is located at the Dover Air Force Base in Dover, Delaware.

8. On or about June 10, 2022, Interstate entered into a purchase order (the "Purchase Order") with the Project's prime contractor for the provision of material, equipment, and services to the Project.

9. Upon information and belief, the prime contractor, CMS Constructors Corp., f/k/a Custom Mechanical Systems, Corp. ("CMS"), is a mechanical contractor organized under the laws of the State of Ohio, with its principal place of business at 691 Industrial Dr., Bargersville, IN 46106-8531.

10. Pursuant to the Purchase Order, Interstate was required to provide certain roof system materials, equipment, and services for the Project (the "Work") for $1,021,676.00 as set forth more fully in the Purchase Order. A copy of the Purchase Order is attached hereto as Exhibit A.

11. As required by the Miller Act, Fidelity, as surety, and CMS, as principal, executed and furnished a payment bond, Payment Bond No. 9371301 (the "Bond"), on or about March 3, 2021, to secure payment to claimants who provided services, materials, and/or equipment for the Project. A copy of the Bond is attached hereto as Exhibit B.

12. Interstate performed the Work of the Purchase Order and provided all documentation required to receive payment for such work.

13. Through no fault of its own, throughout its performance, Interstate encountered problems in its Work due to impacts outside of its control.

14. As a result, Interstate faced numerous delays and impacts to its work that caused it to – through no fault of its own – deliver required roof materials to the Project later than was originally anticipated under the Purchase Order.

15. Despite full knowledge and awareness of the impacts to Interstate's work, and the same being without fault, responsibility or control of Interstate, CMS wrongfully and unilaterally deducted $155,275.00 from Interstate's Purchase Order sum via two (2) deduct change orders (respectively, the "First Deduct Change Order" and the "Second Deduct Change Order," collectively, "Deduct Change Orders"). True and correct copies of these Deduct Change Orders are attached hereto as Exhibits C and D respectively.

16. The First Deduct Change Order was issued on November 28, 2023 as a result of purported "delay damages" incurred by CMS as a result of delayed delivery of roof material, unilaterally deducting $20,000 from Interstate's Purchase Order amount. *See* Ex. C.

17. CMS did not provide any underlying support for the value of the purported backcharge. *Id.*

18.     Despite CMS's improper withholding of funds owed under the Purchase Order, Interstate continued to perform its Work to the best of its ability.

19.     Interstate performed the last of its labor and submitted materials for which it asserts this claim on March 25, 2024.[1]

20.     Despite conclusion of Interstate's Work under the Purchase Order and final delivery of all items required under the Purchase Order, CMS issued the Second Deduct Change Order to Interstate on June 18, 2024.  *See* Ex. D.

21.     In correspondence accompanying the Second Deduct Change Order, CMS alleged it had incurred $269,695.64 in costs incurred due to Interstate's alleged delays on the Project, but that it would only be withholding the rest of the payments owed to Interstate under the Purchase Order, amounting to a second withholding of $135,275.00.

22.     Interstate disputes the allegations made by CMS in the foregoing correspondence.

23.     As a result of the Deduct Change Orders, CMS is wrongfully withholding $155,275.00 from Interstate for material, equipment, and services benefiting the Project.

24.     Interstate expended $1,058,580.00 for labor, materials, and equipment needed to perform its Work on the Project.

25.     Interstate performed work at the Project for and at the direction of CMS for which payment from CMS is past due and owing.

26.     At the time of its last day of work, Interstate was owed and unpaid $155,275.00 for amounts incurred for base work and approved change orders under the Purchase Order.

27.     To date, Interstate has received payments from CMS in the amount $903,305.00.

---

[1] Prior to the conclusion of the Work, on December 21, 2023, CMS issued to Interstate a second change order for additional equipment and materials amounting to $11,904.

28. As a result, Interstate remains owed and unpaid in the amount of $155,275.00 for services, equipment, and materials it provided in the performance of its Work on the Project.

29. A period of more than 90 days, but less than one (1) year, has elapsed since Interstate last provided labor and materials to the Project, and Interstate has not been paid in full for the material and labor it furnished on the Project.

30. Interstate has fulfilled all conditions precedent to filing this action, or any such conditions have otherwise been waived.

## COUNT I

### BREACH OF BOND OBLIGATION (MILLER ACT BOND CLAIM)

31. Interstate hereby incorporates all preceding paragraphs as though fully set forth at length.

32. The Bond obligates Fidelity to satisfy CMS's payment obligations to Interstate.

33. As a subcontractor of CMS's that performed work and provided materials to the Project, Interstate is a claimant under the Bond and an intended beneficiary of the Bond, as well as any subsequent or other payment bonds issued for the Project by Fidelity.

34. Pursuant to the terms of the Bond, Fidelity is obligated, as surety for CMS, to pay Interstate for all services and materials provided by Interstate on the Project for the benefit of CMS, for which payment has not been made.

35. The Bond was provided pursuant to the terms of the Miller Act (40 U.S.C. § 3131 *et seq.*).

36. Pursuant to 40 U.S.C. § 3133(b) of the Miller Act, every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under the Act and that has not been paid in full within 90 days after the day on which

the person performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought.

37. It has been over 90 days since Interstate's last day of work, and CMS has not made payment in full to Interstate.

38. Interstate remains unpaid in the amount of $155,275.00 for labor and materials it provided in the performance of its Work on the Project.

39. As a result of CMS's and Fidelity's failure to discharge their payment obligations, Interstate has suffered damages in excess of $155,275.00.

40. This Complaint is being filed within one year of the date upon which Interstate performed its final work.

41. All conditions precedent to commencing an action under the Bond have been satisfied by Interstate, or have otherwise been waived by Fidelity and/or CMS.

42. Interstate is entitled to payment from Fidelity pursuant to the Miller Act, 40 U.S.C. § 3133.

**WHEREFORE**, Plaintiff, Interstate Panel, LLC, demands trial by jury and that judgment be entered in its favor and against Defendant, Fidelity & Deposit Company of Maryland, in an amount in excess of $155,275.00, plus pre-judgment interest and post-judgment interest to the fullest extent available, costs of suit, and other such relief as this Court deems just, proper, and equitable.

        GIBBONS P.C.

        */s/ Christopher Viceconte*
        Christopher Viceconte (#5568)
        Jennifer M. Rutter (#6200)
        300 Delaware Avenue, Suite 1015
        Wilmington, DE 19801-1671
        P: 302-518-6322
        F: 302-397-2050
        cviceconte@gibbonslaw.com
        jrutter@gibbonslaw.com

        OF COUNSEL:
        Edward T. DeLisle (*pro hac vice forthcoming*)
        Kathryn E. Pettit (*pro hac vice forthcoming*)
        Stasha Sosnowicz (*pro hac vice forthcoming*)
        THOMPSON HINE LLP
        1919 M Street, N.W., Suite 700
        Washington, DC 20036
        Tel.:  (202) 331-8300
        Fax:  (202) 331-8330
        Edward.DeLisle@ThompsonHine.com
        Kathryn.Pettit@ThompsonHine.com
        Stasha.Sosnowicz@thompsonhine.com

        *Attorneys for Plaintiff*
        *Interstate Panel, LLC*

Dated: March 24, 2025