# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HMM CO., LTD., | : | |
| | : | |
| Plaintiff, | : | C.A. No. _____ |
| | : | |
| v. | : | |
| | : | |
| UNION PACIFIC | : | |
| RAILROAD COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

COMES NOW HMM Co., Ltd. ("Plaintiff"), by and through undersigned counsel, and brings this Complaint against Union Pacific Railroad Company ("Defendant") and avers as follows:

### Parties and Jurisdiction

1. Plaintiff is organized and existing as a corporation under the laws of the Republic of Korea and has its principal place of business at 108 Yeoui-daero, Yeongdeungpo-gu, Seoul, 07335, Korea.

2. Defendant is organized and existing as a corporation under the laws of the State of Delaware, has its principal place of business at 1400 Douglas Street, Omaha, NE 68179, and may be served with process via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4. This action—relating to cargo transported by rail and damaged in a train derailment—arises under the Carmack Amendment, 49 U.S.C. § 11706(a), and this Court has subject-matter jurisdiction under 28 U.S.C. § 1337(a) because the matter in controversy exceeds $10,000, exclusive of interest and costs.

5. Alternatively, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is between a citizen of a foreign state and a citizen of a State.

6. Venue is proper under 28 U.S.C. § 1391(b) because Defendant is a resident of this District, and is subject to personal jurisdiction in Delaware, by virtue of its incorporation under the laws of the State of Delaware.

**Factual Background**

7. Plaintiff, an ocean carrier that transports cargo by sea, was contracted by third parties in the Spring of 2024 to move certain cargo from Thailand to Texas, by way of Los Angeles, California.

8. Plaintiff in turn had an agreement with Defendant by which Defendant would transport the cargo by rail for the California-to-Texas leg of the journey.

9. On or about May 1, 2024, while Defendant's train was en route to the destination in Texas, and while the cargo was in Defendant's care, custody, and control, Defendant's train derailed, causing loss of or damage to the cargo.

10. Plaintiff and Defendant are parties to an agreement dated May 8, 2020, known as a Confidential Rail Transportation Contract (the "Contract").

11. With certain exceptions not pertinent here, Defendant agreed in paragraph 34 of the Contract to "be liable to [Plaintiff] for loss of or damage to the [cargo] under the terms of 49 U.S.C. Section 11706 and 49 C.F.R. Part 1005."

12. The owners and/or subrogated insurers of the cargo have demanded that Plaintiff pay them for the loss of or damage to the cargo caused by the train derailment, as follows:

| **Plaintiff's Bill of Lading No.** | **Defendant's Waybill No.** | **Claim Amount** |
|---|---|---|
| BKKM40293900 | 296034 | $24,281.37 |
| BKKM07825300 | 847037 | $9,185.25 |
| BKKM15559400 | 295664 | $233,755.35 |
| | **Total to date:** | **$267,221.97** |

13. Additional cargo claims arising from the derailment may be asserted against Plaintiff in the future.

14. Despite due request by Plaintiff, Defendant has not settled or otherwise resolved any of the cargo claims that have been asserted against Plaintiff as a result of the derailment, with the result that Plaintiff is incurring fees and expenses to respond to such claims.

15. The Contract states (at Paragraph 34.C.) that "[a]ll lawsuits for any alleged loss of or damage to the [cargo] must be filed within twelve months from (i) the actual date of delivery, or (ii) if the shipment is lost, the expected date of delivery by [Defendant]."

16. Plaintiff has requested that Defendant agree to extend the purported limitations period, but Defendant has not done so, with the result that Plaintiff must bring suit at this juncture to avoid any potential time-bar defense.

## COUNT I
### Breach of Contract

17. Plaintiff incorporates the averments of paragraphs 1 through 16 of this Complaint as if set forth fully herein at length.

18. Under the terms of the Contract, Defendant is liable for the cargo loss or damage caused by the derailment and is obligated to indemnify Plaintiff for any claims, judgments, losses,

or expenses which Plaintiff may incur by reason of such cargo loss or damage, together with attorneys' fees and costs incurred by Plaintiff in connection with such claims.

WHEREFORE, Plaintiff respectfully prays that judgment be entered in its favor and against Defendant in an amount to be finally determined at trial, together with prejudgment interest thereon, attorneys' fees and costs, and such other and further relief the Court deems proper under the circumstances.

## COUNT II
### Breach of Duties under Carmack Amendment

19.   Plaintiff incorporates the averments of paragraphs 1 through 16 of this Complaint as if set forth fully herein at length.

20.   Under 49 U.S.C. § 11706, Defendant is liable for the cargo loss or damage caused by the derailment and is obligated to indemnify Plaintiff for any claims, judgments, losses, or expenses which Plaintiff may incur by reason of such cargo loss or damage, together with attorneys' fees and costs incurred by Plaintiff in connection with such claims.

WHEREFORE, Plaintiff respectfully prays that judgment be entered in its favor and against Defendant in an amount to be finally determined at trial, together with prejudgment interest thereon, attorneys' fees and costs, and such other and further relief the Court deems proper under the circumstances.

Respectfully submitted,

**SALMON RICCHEZZA SINGER & TURCHI LLP**

  */s/ Kyle R. Brady*
Kyle R. Brady, Esq. (DE ID #6763)
222 Delaware Avenue, 11th Floor
Wilmington, DE 19801
Phone: (302) 655-4290
Fax:     (302) 655-4291

        kbrady@srstlaw.com
        *Attorney for Plaintiff,*
        *HMM Co., Ltd.*

        OF COUNSEL:

        Frank P. DeGiulio, Esq. (*Pro Hac Vice* to be filed)
        Daniel H. Wooster, Esq. (*Pro Hac Vice* to be filed)
        PALMER BIEZUP & HENDERSON LLP
        190 N. Independence Mall West, Suite 401
        Philadelphia, PA 19106
        Phone: (215) 625-9900
        fpd@pbh.com
        dwooster@pbh.com

Dated:  May 1, 2025