UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Misc. No. 25- |
| | ) | |
| Delaware Department of Labor, | ) | |
| | ) | |
| *Respondent*. | ) | |

**UNITED STATES OF AMERICA'S PETITION TO ENFORCE
DEPARTMENT OF HOMELAND SECURITY ADMINISTRATIVE SUBPOENA**

The United States of America, on behalf of the United States Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), respectfully petitions this Court to enforce DHS Immigration Enforcement Subpoena Number HSI-WM-2025-048065-001 issued to the Delaware Department of Labor ("Delaware DOL") and dated April 7, 2025 (hereinafter, the "Administrative Subpoena"). The Administrative Subpoena, issued under the authority set forth in 8 U.S.C. § 1225(d)(4), seeks documents relating to an ongoing worksite enforcement investigation conducted by HSI. Delaware DOL has failed to provide the documents demanded by the Administrative Subpoena. Neither has Delaware DOL sought to quash the subpoena or raised any objection to HSI. Because the Administrative Subpoena was issued pursuant to DHS's statutory authority, is consistent with applicable legal requirements, seeks information that is reasonably related to an HSI inquiry and that the agency does not already have in its possession, and is neither too indefinite nor unduly burdensome, this Court should issue an order to show cause, in the form attached hereto, why the Administrative Subpoena should not be enforced.

1

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction over this Petition under 28 U.S.C. §§ 1331, 1345, and 8 U.S.C. § 1225(d)(4)(B), which provides for a subpoena enforcement action to be filed in "[a]ny United States district court within the jurisdiction of which investigations or inquiries are being conducted by an immigration officer."

2. Venue is proper in this District under 8 U.S.C. § 1225(d)(4)(B) because HSI is conducting its investigation within this District. *See also* 28 U.S.C. § 1391(b).

**STATUTORY BACKGROUND**

3. The federal government has "broad, undoubted power over the subject of immigration and the status of aliens." *Arizona v. United States*, 567 U.S. 387, 394 (2012); *see also* U.S. Const. art. I § 8, cl. 4 (granting Congress the power to "establish an uniform Rule of Naturalization").

4. Congress has exercised its authority to make laws governing the entry, presence, status, and removal of aliens within the United States by enacting various laws regulating immigration, including provisions of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*. These laws codify the Executive Branch's authority to inspect, investigate, arrest, detain, and remove aliens who are suspected of being, or are found to be, unlawfully in the United States. *See, e.g.*, 8 U.S.C. §§ 1182, 1225, 1226, 1227, 1228, 1231, 1357.

5. The Secretary of Homeland Security and divisions of the DHS are responsible for the investigation, arrest, detention, and removal of aliens within the interior of the United States. *See Clark v. Suarez Martinez*, 543 U.S. 371, 374 n.1 (2005) (recognizing that the powers granted to the Attorney General in the INA have been transferred to DHS and its components).

6. Title 8 U.S.C. § 1225(d)(4)(A) empowers "any immigration officer" to "require by subpoena . . . the production of books, papers, and documents relating to the privilege of any person to enter, reenter, reside in, or pass through the United States or concerning any matter which is material and relevant to the enforcement of [the INA] and the administration of [DHS]." It further provides that the immigration officer "may invoke the aid of any court of the United States" to enforce the subpoena. *Id.*

7. Title 8 U.S.C. § 1225(d)(4)(B) specifies that "[a]ny United States district court within the jurisdiction of which investigations or inquiries are being conducted by an immigration officer may, in the event of neglect or refusal to respond to a subpoena issued" under that authority "issue an order requiring such persons to . . . produce books, papers, and documents if demanded." A "failure to obey such order of the court may be punished by the court as a contempt thereof." *Id.*

## FACTUAL BACKGROUND

8. As set forth in the declaration of HSI Special Agent Kimberly Caraway, which is attached to this Petition as Exhibit A, since February 2025, HSI has been investigating reports that various Delaware businesses are employing undocumented aliens in violation of 8 U.S.C. § 1324a(a)(1). Ex. A ¶ 6.

9. To assist HSI's worksite enforcement investigations, HSI issued four administrative subpoenas to the Delaware DOL requesting wage reports[1] for the third and fourth quarters of 2024 for several specified Delaware businesses. *Id*. ¶¶ 7, 14-19. Relevant to this Petition, on April 7, 2025, HSI issued and served the Administrative Subpoena (attached to this

---

[1] Wage reports are filed quarterly by Delaware employers with the Delaware DOL, Division of Unemployment Insurance, and contain the number of employees a business claims to have, the total wages, employees' names and social security numbers, and individual wages earned. *Id.* ¶ 8.

Petition as Sealed Exhibit B[2]) on the Delaware DOL, requiring the production of wage reports for the third and fourth quarters of 2024 for fifteen Delaware businesses by April 18, 2025. *Id.* ¶ 19. The businesses were identified by their names, addresses, and file numbers.[3] *Id.* ¶ 19. To date, the Delaware DOL has not produced documents in response to any of the administrative subpoenas. *Id.* ¶ 23.[4]

10. On June 3, 2025, a last-chance letter was sent via certified mail to Secretary of Labor LaKresha Moultrie notifying her that the United States Attorney's Office for the District of Delaware would commence legal action against the Delaware DOL should the Department fail to comply with the subpoena by June 20, 2025. *Id.* ¶ 21. This letter is attached to this Petition as Exhibit C. Respondent neither replied to the letter nor provided the documents requested in the Administrative Subpoena. *Id.* ¶¶ 23-24.

11. Respondent's failure to comply with the Administrative Subpoena continues to date. *Id.*

## THE ADMINISTRATIVE SUBPOENA SHOULD BE ENFORCED

12. Administrative agencies possess "powers of original inquiry" that allow them to "take steps to inform [themselves] as to whether there is probable violation of the law." *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950); *see also Univ. of Med. & Dentistry of New*

---

[2] The government has filed the Administrative Subpoena under seal so as not to prematurely alert the targets of this investigation as to its existence.

[3] A file number is a unique seven-digit number issued by the State of Delaware to each company registered with its Division of Corporations. *Id.* ¶ 16 n.2.

[4] The Administrative Subpoena was served via the Egress system, *id.* ¶ 19, a system through which DHS has served subpoenas on the Delaware DOL and communicated with the agency about such subpoenas in the past, *id.* ¶ 14. Nevertheless, in an abundance of caution and to foreclose any possibility that the Delaware DOL had not received the Administrative Subpoena, on July 15, 2025, SA Caraway also personally served the Administrative Subpoena on Katherine Grasso, Chief of Staff of Delaware DOL. *Id.* ¶ 22.

*Jersey v. Corrigan*, 347 F.3d 57, 64 (3d Cir. 2003) ("[A]n agency ordinarily can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." (citation omitted)). Their "authority to request records and undertake other investigatory functions is extremely broad." *Santa Fe Energy Prods. Co. v. McCutcheon*, 90 F.3d 409, 414 (10th Cir. 1996) (citing *Morton Salt Co.*, 338 U.S. at 642-43). That is so because the purpose of an administrative subpoena is not adjudicative and is instead a power "to inquire." *United States v. Clarke*, 573 U.S. 248, 254 (2014) (explaining that the purpose of an IRS summons "is not to accuse, much less to adjudicate, but only to inquire" (citation omitted)); *United States v. Powell*, 379 U.S. 48, 57 (1964) (discussing other agencies' administrative subpoena powers as a "power of inquisition" (quoting *Morton Salt*, 338 U.S. at 642-43)).

13. The Supreme Court has held that an administrative subpoena "is sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *Morton Salt*, 338 U.S. at 652

14. "[J]udicial review of administrative subpoenas is strictly limited." *Corrigan*, 347 F.3d at 64 (citation omitted). And a district court should enforce an administrative subpoena if (1) "the investigation will be conducted pursuant to a legitimate purpose," (2) "the inquiry is relevant," (3) "the information demanded is not already within the agency's possession," (4) "the administrative steps required by the statute have been followed," and (5) the demand for information is not "unreasonably broad or burdensome." *Id.* (quoting *F.D.I.C. v. Wentz*, 55 F.3d 905, 908 (3d Cir. 1995)); *see also McLane v. EEOC*, 581 U.S. 72, 77 (2017) ("If the [subpoena] is proper and the material requested is relevant, the district court should enforce the subpoena unless the [recipient] establishes that the subpoena is too indefinite, has been issued for an illegitimate purpose, or is unduly burdensome." (citation omitted)).

15.     The Administrative Subpoena should be enforced because it was issued within the authority of DHS, seeks information reasonably relevant to an HSI investigation, seeks information that is not already within HSI's possession, was issued consistent with legal requirements, and is neither indefinite nor unduly burdensome.  *See e.g.*, *United States v. Gomez*, 445 F. Supp. 3d 1213, 1215, 1217-18 (D. Colo. 2020) (enforcing an administrative subpoena issued under § 1225); *see also Sherman v. Hamilton*, 295 F.2d 516, 522 (1st Cir. 1961) (affirming district court's order enforcing subpoena under predecessor statute); *United States v. Zuskar*, 237 F.2d 528, 525 (7th Cir. 1956) (same); *United States v. Ragauskas*, No. 94-c-2325, 1994 WL 445465, at *2-*3 (N.D. Ill. Aug. 12, 1994) (enforcing a subpoena issued under predecessor statute); *Shaughnessy v. Bacolas*, 135 F. Supp. 15, 17-18 (S.D.N.Y. 1955) (same).

A. **The Administrative Subpoena Is Within DHS's Authority**

16.     The Administrative Subpoena was issued under DHS's statutory authority.

17.     The INA expressly empowers immigration officers to issue subpoenas to those who have information relevant to an investigation into a potential violation of the INA.  8 U.S.C. § 1225(d)(4); *see United States v. Minker*, 350 U.S. 179, 185-86 (1956) (describing how the near-identical provision in the predecessor statute "encompasses the full range of subjects covered" by the INA).

18.     More specifically, Congress permitted subpoenas to be issued "relating to the privilege of any person to enter, reenter, reside in, or pass through the United States or concerning any matter which is material and relevant to the enforcement of this chapter and the administration of the Service."  8 U.S.C. § 1225(d)(4)(A).

19.     Consistent with the statute, HSI is investigating reports that certain Delaware businesses are employing undocumented aliens in violation of 8 U.S.C. § 1324a(a)(1), and seeks

the documents sought in the Administrative Subpoena as part of those worksite enforcement investigations. Ex. A ¶¶ 6-13.

20. Thus, the Administrative Subpoena was issued under DHS's statutory authority. DHS is not required to show more. *Cf. Okla. Press Pub. Co. v. Walling*, 327 U.S. 186, 198-99, 208-09 (1946) (where a statute permitted the Department of Labor to "investigate such . . . matters as [it] may deem appropriate to determine whether any person has violated any provision of the Act," it was "not necessary . . . that a specific charge or complaint of violation of law be pending or that the order be made pursuant to one"; rather, "[i]t is enough that the investigation be for a lawfully authorized purpose, within the power of Congress to command").

### B. The Administrative Subpoena Seeks Information Reasonably Relevant to a DHS Investigation

21. The documents sought in the Administrative Subpoena are reasonably relevant to an ongoing HSI investigation.

22. The relevance requirement for enforcing administrative subpoenas is "broad" and "not particularly onerous." *E.E.O.C. v. Kronos Inc.*, 620 F.3d 287, 296 (3d Cir. 2010). It requires "that the information . . . be relevant to *some* (any) inquiry that the agency is authorized to undertake." *United States v. Oncology Servs. Corp.*, 60 F.3d 1015, 1020 (3d Cir. 1995) (cleaned up). "As long as the material sought touches on a matter under investigation, it is enough to be deemed relevant[.]" *U.S. ex rel. Off. of Inspector Gen. v. Philadelphia Hous. Auth.*, No. 10-0205, 2011 WL 382765, at *3 (E.D. Pa. Feb. 4, 2011) (citation omitted). And the Court must defer to the agency's appraisal of relevancy "so long as it is not obviously wrong." *N.L.R.B. v. Am. Med. Response, Inc.*, 438 F.3d 188, 193 (2d Cir. 2006) (citation omitted); *see also Dole v. Trinity Indus., Inc.*, 904 F.2d 867, 872-74 (3d Cir. 1990) (where the information sought "was not plainly incompetent or irrelevant to *any* lawful purpose of the [agency] . . . , it was the duty of the district

court to order its production" (quoting *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943))).

23.     The Administrative Subpoena seeks wage reports from specific businesses for two quarters of 2024. Ex. A ¶ 19. This information is relevant to HSI's investigation into violations of the INA and potential future enforcement actions arising from those violations. As explained in the Caraway Declaration, the information sought may help HSI to determine whether employees are using fake social security numbers, whether employers are paying employees "under the table," and whether documentation received from the employers themselves is accurate, all of which are relevant to whether the employers or their employees are in violation of the INA. *Id.* ¶¶ 7, 9-11.

24.     As a result, the reports sought are relevant to ongoing HSI investigations.

### C. The Information Demanded Is Not Already Within DHS's Possession

25.     The information sought by the Administrative Subpoena is not already within DHS's possession. *Id.* ¶ 12.

### D. The Administrative Subpoena Was Issued in Compliance with the Law

26.     HSI complied with legal requirements in issuing the Administrative Subpoena.

27.     The Administrative Subpoena was issued by Assistant Special Agent in Charge Kenneth Krauss under his statutory authority set out in 8 U.S.C. § 1225(d)(4) and 8 C.F.R. § 287.4(c), on DHS Form I-138, Immigration Enforcement Subpoena, and served on the Delaware DOL pursuant to 8 C.F.R. § 287.4(a)(1), (b), (c). Ex. A ¶¶ 19, 22. Additionally, the documents sought are relevant to matters that fall within the broad scope of inquiry authorized by Congress in 8 U.S.C. § 1225(d)(4)(A).

28.     Thus, the Administrative Subpoena was issued under and consistent with DHS's statutory and regulatory authority.

### E. The Administrative Subpoena's Demand for Documents Is Neither Indefinite nor Unduly Burdensome

29. The Administrative Subpoena is also sufficiently definite and not unduly burdensome.

30. The definiteness requirement ensures that the records sought can be identified by their description in the subpoena. *Cf. Okla. Press Pub. Co.*, 327 U.S. at 208-09 (explaining that a subpoena may be improper if there is "too much indefiniteness or breadth" in the request); *see also Perez v. Alegria*, No. 15-MC-401-SAC, 2015 WL 4744487, at *3 (D. Kan. June 24, 2015), *report and recommendation adopted*, 2015 WL 4744480 (D. Kan. Aug. 11, 2015) (explaining that an administrative subpoena is sufficiently definite when "[a]ll of the categories of information are sufficiently specific to enable [the recipient of the subpoena] to understand what information the [agency] seeks").

31. Whether a subpoena is burdensome "turns on the nature of the materials sought and the difficulty the [subpoena recipient] will face in producing them." *McLane Co.*, 581 U.S. at 81. "[E]xpense alone does not constitute burdensomeness, where it is a concomitant of a broad, but valid, investigation." *United States v. Nour Halal Meat Distrib., Inc.*, 505 F. Supp. 2d 275, 280-81 (W.D. Pa. 2007) (quoting *F.T.C. v. Carter*, 464 F. Supp. 633, 641 (D.D.C. 1979)).

32. Here, the subpoena seeks discrete and specific documentation that the Delaware DOL can identify and provide—namely, wage reports for the third and fourth quarter of 2024 for a specified list of companies identified by address and file number (a number issued by the State of Delaware to these entities). Production of this information is not burdensome in terms of time, labor, or finances. Nor does it threaten to disrupt or seriously hinder the Delaware DOL's normal operations. *See Off. of Inspector Gen.*, 2011 WL 382765, at *3-*4.

33. Consequently, the Administrative Subpoena is neither indefinite nor unduly burdensome.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States respectfully petitions this Court for:

(1) an order, in the form attached hereto, to show cause why the Administrative Subpoena should not be enforced;

(2) an order, pursuant to 8 U.S.C. § 1225(d)(4)(b), compelling Respondent to produce all withheld documents requested the Administrative Subpoena;

(3) such other relief as the Court shall find appropriate.

    Respectfully submitted,

    JULIANNE E. MURRAY
    United States Attorney

By: /s/ Claudia Pare
    Claudia Pare
    Assistant United States Attorney

Dated: July 31, 2025